**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEVIN EDWARD SAVAGE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 21-4612** |
| | : | |
| **BLANCHE CARNEY,** *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                  **April 19, 2022**

An incarcerated man fought another incarcerated person in state prison. He suffered serious injury to his right hand during the fight. He claims the Commissioner of Prisons and Deputy Warden did not maintain a safe and secure prison environment leading to his fight and challenges the medical care for his right hand provided by the contracted medical care provider. The incarcerated man pro se seeks recovery from the prison commissioner and deputy warden in their official capacities. After reviewing the commissioner and deputy warden's motion to dismiss, as well as the incarcerated man's responsive request to amend to specifically sue the prison's director of medical services, we find the incarcerated man does not presently state a claim against either the prison commissioner or deputy warden in either their official or individual capacities. We grant the incarcerated man's request for leave to timely amend to plead more specific allegations consistent with this memorandum against prison officials, to add claims against the individual medical director, or other claims consistent with the law.

**I.  Alleged pro se facts**

The incarcerated Kevin Edward Savage suffered permanent injury to his right hand while defending himself in a November 2019 fight with another incarcerated person at the Philadelphia Department of Prisons' Detention Center.[1] Prison personnel took Mr. Savage to the prison's medical department where an x-ray revealed a fracture of his hand. The next day, unnamed prison

officials took him to Temple University Hospital's emergency department where another x-ray and physical examination by an orthopedic surgeon revealed Mr. Savage required immediate surgery (which he describes as within forty-eight hours) to repair his right hand, including insertion of rods and pins to repair the damage. Medical personnel at Temple University Hospital gave him a splint for his hand which he wore for months. Rather than scheduling emergency surgery, someone at the prison returned Mr. Savage to the Detention Center and placed him in the restricted housing unit where he remained, forgotten, and left to heal and care for himself.

Mr. Savage complained to unidentified prison officers about his medical situation; they ignored him. He completed multiple sick call requests without response from the medical department. The prison held a hearing on Mr. Savage's conduct in the fight a week later. Captain Johnson found Mr. Savage not guilty of wrongdoing and ordered him released from the restrictive housing unit and returned to regular dorm housing.

The prison officials never arranged surgery on Mr. Savage's hand. Prison medical staff never checked on him. His right hand, shattered in the fight, is permanently disfigured, he is in constant pain, and has arthritis in the right hand. Mr. Savage is a union laborer by trade and uses his hands for work which he can no longer perform.

**II.     Analysis**

Mr. Savage pro se sued Philadelphia Department of Prisons Commissioner Blanche Carney and Deputy Warden Pierre Lacombe in their official capacities, and "Corizon."[2] He demands $180,000 in damages claiming the two prison officials and Corizon violated his Eighth Amendment rights arising from "lack of care, custody, control inside [the] Detention Center resulting in injury" and "medical neglect by failing to get [him] adequate medical attention and treatment."[3] He alleges Deputy Warden Lacombe "fail[ed] to maintain a safe and secure prison";

sues Commissioner Carney for her "complete and total lack of professionalism [and] [f]or failing to maintain safety in all PPS[4] jails [and] [l]ack of proper staffing to maintain safety and security inside Philadelphia County jails"; and sues Corizon "for the medical neglect for failing to get [him] proper treatment [his] hand called for."[5]

We liberally construe Mr. Savage's pro se complaint as attempting to state two claims against Commissioner Carney and Deputy Warden Lacombe in their official capacity under 42 U.S.C. § 1983 in violation of his Eighth Amendment rights: (1) failure to protect him in the Detention Center resulting in injury; and (2) deprivation of adequate medical care.[6] We are directed by our Court of Appeals to be "mindful of our 'obligation to liberally construe a *pro se* litigant's pleadings … particularly where the *pro se* litigant is imprisoned.'"[7] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[8] However "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules – they must abide by the same rules that apply to all other litigants."[9]

Commissioner Carney and Deputy Warden Lacombe move to dismiss Mr. Savage's pro se complaint.[10] They argue: (1) Mr. Savage's claims against Commissioner Carney and Deputy Warden Lacombe in their official capacity (as opposed to their individual capacity) must be dismissed because official capacity claims are actually claims against the City and Mr. Savage fails to allege the City has a policy or custom causing the violation of his constitutional rights; and (2) liberally construing claims against Commissioner Carney and Deputy Warden Lacombe in their individual capacities, Mr. Savage fails to allege their personal involvement in the alleged failure-to-protect and deprivation of medical care.

Mr. Savage responded to the motion to dismiss with a letter asking for leave to amend his complaint.[11] Mr. Savage is under the misimpression we dismissed his complaint against

3

Commissioner Carney and Deputy Warden Lacombe; we have not done so until today and, as more fully discussed below, will allow Mr. Savage to file an amended complaint consistent with this opinion. Mr. Savage's letter response additionally refers to a desire to sue a Bruce Herdman, Chief of Medical Operations. Mr. Savage appears to be under the impression Mr. Herdman is a defendant; he is not. Mr. Savage sued Commissioner Carney and Deputy Warden Lacombe in their official capacities and Corizon Health; he did not sue Mr. Herdman. Mr. Savage may amend his complaint to include claims against Mr. Herdman and, upon screening, may allow the issuance of a summons to Mr. Herdman.

Congress through section 1983 provides the vehicle by which federal constitutional claims may be brought in federal court.[12] To state a claim under section 1983, Mr. Savage must allege a violation of a right secured by the Constitution or laws of the United States by a person acting under color of state law.[13]

The Eighth Amendment, applicable to Commonwealth actors through the Fourteenth Amendment, protects incarcerated persons from violence by others because "[b]eing violently assaulted in prison is simply not 'part of the penalty the criminal offenders pay for their offenses.'"[14] Prison officials have a duty to take reasonable measures to protect incarcerated person from violence at the hands of other incarcerated persons.[15] But not every injury suffered by one incarcerated person at the hands of another "translates into constitutional liability for prison official responsible for the victim's safety."[16]

To state a failure-to-protect claim against a prison official, an incarcerated person must allege facts showing: (1) incarceration under conditions posing a substantial risk of serious harm; (2) deliberate indifference by the prison official to the substantial risk of harm; and (3) the prison official's deliberate indifference caused the harm.[17] "A prison official is deliberately indifferent to

4

a substantial risk of serious harm if the official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"[18]

Mr. Savage alleges Commissioner Carney and Deputy Warden Lacombe failed to maintain a safe and secure prison, including through sufficient staffing to maintain safety and security inside the Detention Center and failed to protect him from the assault from another person who tried to stab him and, in defending himself against the inmate's attack, shattered his hand causing permanent injury.[19]

The Eighth Amendment also protects incarcerated persons from the denial of medical care. Prison officials violate the Eighth Amendment when they are deliberately indifferent to an incarcerated person's serious medical needs by "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."[20] To state a claim against a prison official on an Eighth Amendment medical needs claim, an incarcerated person must allege (1) the state actor showed "deliberate indifference" to his medical needs, and (2) those needs were "serious."[21]

### A. Mr. Savage fails to state a claim against Commissioner Carney and Deputy Warden Lacombe in their official capacity.

Commissioner Carney and Deputy Warden Lacombe first argue claims against them in their official capacity must be dismissed. Official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent."[22] Mr. Savage's claims against Commissioner Carney and Deputy Warden Lacombe in their official capacity, "in all respects other than name," are to be treated as claims against the City of Philadelphia.[23] Construing Mr. Savage's official capacity claims as claims against the City, Commissioner Carney

and Deputy Warden Lacombe argue he fails to allege a City policy or customer causing a violation of his Eighth Amendment rights.

Mr. Savage may bring a claim against the City of Philadelphia under a theory of liability recognized by the Supreme Court in *Monell v. Department of Social Services*.[24] Under *Monell*, a municipality, like the City of Philadelphia, is not liable for the unconstitutional actions of its employees simply because of their employment.[25] But the City may be liable if Mr. Savage shows the City's "policy or custom" caused the violation of his constitutional rights.[26]

There are two ways Mr. Savage may seek to hold the City on a municipal liability claim under section 1983: (1) an unconstitutional policy or custom of the City led to his injuries; or (2) his injuries were caused by a failure or inadequacy by the City "reflect[ing] a deliberate or conscious choice."[27]

On the first theory, Mr. Savage must allege an "official proclamation, policy or edict by a decisionmaker possessing final authority to establish municipal policy" or, if alleging a custom, he must allege a "given course of conduct so well-settled and permanent as to virtually constitute law."[28] Under this theory, "[l]iability is imposed 'when the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the 'moving force' behind the constitutional tort of one of its employees.'"[29]

Under the second theory – a failure to train or failure to supervise or discipline – Mr. Savage must allege "a failure or inadequacy amounting to deliberate indifference on the part of the municipality."[30] The City's failure to train or supervise must amount to deliberate indifference to the constitutional right. To state a failure to train or supervise claim, Mr. Savage must allege (1) municipal policymakers knew its employees would confront a particular situation; (2) "the situation involved a difficult choice or there was a history of employees mishandling the situation";

and (3) "an employee making the wrong choice would frequently cause deprivation of constitutional rights."[31]

Mr. Savage fails to allege a municipality claim under either theory. He fails to allege an unconstitutional policy or custom of the City causing his injuries and he fails to allege a failure to train or supervise by the City amounting to deliberate indifference to his Eighth Amendment rights. We will grant Commissioner Carney's and Deputy Warden Lacombe's motion to dismiss without prejudice to allow Mr. Savage to amend his complaint to state a claim against the City if he can do so under Federal Rule of Civil Procedure 11.

### B. Mr. Savage fails to state a claim against Commissioner Carney and Deputy Warden Lacombe in their individual capacity.

Commissioner Carney and Deputy Warden Lacombe next argue Mr. Savage also failed to state a claim against them in their individual capacity under section 1983.

Mr. Savage cannot base liability against Commissioner Carney and Deputy Warden Lacombe based on a theory of *respondeat superior* liability.[32] Commissioner Carney and Deputy Warden Lacombe "must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."[33] "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."[34] Allegations of personal involvement require "particular 'allegations of personal direction or of actual knowledge and acquiescence.'"[35]

Mr. Savage fails to allege facts showing the personal involvement of either Commissioner Carney or Deputy Warden Lacombe's Eighth Amendment failure-to-protect claim or deprivation medical care claim. He fails to state a claim. We dismiss his complaint without prejudice for him to file an amended complaint if he can do so under Federal Rule of Civil Procedure 11.

7

**III.   Conclusion**

We grant Commissioner Carney's and Deputy Warden Lacombe's Motion to dismiss without prejudice to Mr. Savage to file an amended complaint consistent with this opinion. Mr. Savage does not plead claims against Commissioner Carney or Deputy Warden Lacombe in either their official or individual capacities.

Mr. Savage asks for leave to amend. We grant him leave to amend to timely plead claims against the City for official actions, against these prison officials for their personal involvement in his alleged civil rights claims, or against others (including medical professionals) if he can do so under the law.

---

[1] ECF Doc. No. 2 at 6 (using the pagination assigned by the CM/ECF docketing system). Mr. Savage is currently incarcerated at SCI Chester. *Id.* at 4, § I.A.

[2] Mr. Savage filed his complaint on October 19, 2021. We assume Mr. Savage's reference to "Corizon" is to Corizon Health which contracts with the Philadelphia Department of Prisons to provide health services. Corizon has not been served with the complaint.

[3] ECF Doc. No. 2 at § II.B.

[4] We assume Mr. Savage's use of the acronym "PPS" means "Philadelphia Prison System" or the Philadelphia Department of Prisons.

[5] ECF Doc. No. 2 at 6.

[6] Commissioner Carney and Deputy Warden Lacombe likewise construe Mr. Savage's complaint as alleging a violation of the Eighth Amendment for failure-to-protect and denial of medical treatment.

[7] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) and citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013) (italics in original)).

[8] *Yogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (quoting *Mala.*, 704 F.3d at 244–45). Under Rule 8(e), "[p]leadings must be construed so as to do justice." Fed. R. Civ. P 8(e). We are directed by

our Court of Appeals this liberal standard is "even more pronounced" where, as here, a plaintiff files a complaint pro se, without assistance of counsel, to "protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (citing *Higgs*, 655 F.3d at 339).

[9] *Yogt,* 8 F. 4th at 185 (quoting *Mala*, 704 F.3d at 245).

[10] ECF Doc. No. 17. A complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to test the sufficiency of the factual allegations in a complaint. *Sanders v. United States*, 790 F. App'x 424, 426 (3d Cir. 2019). If a plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face," the court should dismiss the complaint. *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Kajla v. U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Boston MBS ARMT 2005-8*, 806 F. App'x 101, 104 n.5 (3d Cir. 2020) (quoting *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer and Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "[t]he plausibility standard is not akin to a 'probability requirement,'" it does require the pleading show "more than a sheer possibility … a defendant has acted unlawfully." *Riboldi v. Warren Cnty. Dep't of Human Servs. Div. of Temp. Assistance & Soc. Servs.*, 781 F. App'x 44, 46 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). "A pleading that merely 'tenders naked assertion[s] devoid of further factual enhancement' is insufficient." *Id*. (quoting *Iqbal*, 556 U.S. at 668).

In determining whether to grant a Rule 12(b)(6) motion, "we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff" but "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Robert W. Mauthe, M.D., P.C. v. Spreemo, Inc.*, 806 F. App'x 151, 152 (3d Cir. 2020) (quoting *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018)). Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "'tak[e] note of the elements a plaintiff must plead to state a claim'"; (2) we "identify allegations that … 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' … in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations … and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'…, we determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted); *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

[11] ECF Doc. No. 18.

[12] Section 1983 provides in part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress …" 42 U.S.C. § 1983.

[13] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[14] *Moore v. Mann*, 823 F. App'x 92, 95 (3d Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

[15] *Id.* (quoting *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997)).

[16] *Farmer*, 511 U.S. at 834.

[17] *Shorter v. United States*, 12 F. 4th 366, 374 (3d Cir. 2021) (quoting *Bistrian v. Levi*, 696 F. 3d 352, 367 (3d Cir. 2012) *abrogated on other grounds*, *Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020)); *Moore*, 823 F. App'x at 95–96 (citing *Hamilton*, 117 F. 3d at 747).

[18] *Moore*, 823 F. App'x at 96 (quoting *Farmer*, 511 U.S. at 834).

[19] ECF Doc. No. 2 at 6.

[20] *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976); *Farmer*, 511 U.S. at 835.

[21] *Robertson v. Gilmore*, 850 F. App'x 833, 837 (3d Cir. 2021) (quoting *Pearson v. Prison Health Serv.,* 850 F.3d 526, 534 (3d Cir. 2017)).

[22] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

[23] *Id.* (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)).

[24] 436 U.S. 658 (1978). This is commonly known as a "*Monell* claim."

[25] *Id.* at 691.

[26] *Johnson v. City of Philadelphia*, 975 F.3d 394, 403 (3d Cir. 2020) (quoting *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014)).

[27] *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) (citations omitted).

[28] *Id.* at 105–06 (citing *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019)).

[29] *Thomas*, 749 F.3d at 222 (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1027 (3d Cir. 1991)).

[30] *Forrest*, 930 F. 3d at 106 (citing *Estate of Roman*, 914 F.3d at 798).

[31] *Id.* (citing *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999)).

[32] *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (citing *Iqbal*, 556 U.S. at 676).

[33] *Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007)).

[34] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[35] *Dooley*, 957 F.3d at 374 (quoting *Rode*, 845 F.2d at 1207).