IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN EDWARD SAVAGE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 21-4612 |
| | : | |
| **BLANCHE CARNEY, PIERRE LACOMBE, CORIZON, LT. SIMMONS, C.O. SEARCY, BRUCE HERDMAN** | : : : : | |

# MEMORANDUM

**KEARNEY, J.**                                                                 **June 7, 2022**

Incarcerated Kevin Edward Savage pro se returns with an amended complaint alleging Philadelphia prison officials violated his Eighth Amendment rights by failing to protect him from being stabbed by another incarcerated person and then deciding not to take him back to the hospital for surgery recommended by the hospital's surgeon. We earlier granted Commissioner Blanche Carney and Deputy Warden Pierre Lacombe's motion to dismiss without prejudice for Mr. Savage to amend his complaint to plead claims against the City of Philadelphia for official actions, prison officials for their personal involvement in the alleged civil rights violations, or claims against others, including medical professionals. Mr. Savage chose not to sue the City but added parties. But he does not plead claims against these parties. He does not plead facts showing the personal involvement of a person in failing to protect him from the stabbing or in not allowing the required surgery. He also does not plead supervisory liability. He cannot proceed on his limited conclusory allegations. We cannot now refer this case to our attorney Volunteer Panel until we see if Mr. Savage can plead the necessary facts in good faith. But we allow Mr. Savage leave to again amend to timely plead facts including a basis for supervisory liability based on custom or policy and who

failed to protect him or decided to not allow him to go back to the hospital for surgery with available details.

I.     **Alleged pro se facts**

Kevin Edward Savage fought another incarcerated man "Jay" in November 2019 at the Philadelphia Detention Center.[1] The fight began after Mr. Savage believed Jay took his personal property.[2] Mr. Savage approached Jay about the missing property, Jay immediately attacked Mr. Savage, and the two began fighting.[3] Mr. Savage felt his hand shatter as he defended himself in the fight. Jay attempted to stab Mr. Savage with a sharpened screw. Correctional Officer Searcy worked as the duty officer at the time of the fight but neither he nor other correctional officers were in the area. The two men fought for approximately four minutes until Correctional Officer Searcy arrived, intervened in the fight, and sprayed Mr. Savage and Jay with mace.[4]

Lt. Simmons then arrived on the scene, handcuffed Mr. Savage, and took him to the Detention Center's medical facility.[5] An x-ray confirmed Mr. Savage fractured his hand.[6] An unidentified Detention Center official decided to house Mr. Savage in the Restricted Housing Unit after the fight.[7] Someone at the Detention Center took Mr. Savage to Temple University Hospital the next morning where an orthopedic surgeon determined Mr. Savage required emergency surgery on his hand within twenty-four to forty-eight hours.[8]

Medical personnel at Temple University Hospital splinted and wrapped Mr. Savage's hand.[9] Detention Center personnel transported Mr. Savage back to the Detention Center where an unidentified person put him in the restricted housing unit.[10] The Detention Center never took Mr. Savage back to Temple University Hospital for surgery.[11] Mr. Savage nursed his hand himself and, despite multiple requests, did not receive medical care from the Detention Center.[12] Mr. Savage's hand is permanently disfigured and he is in constant pain.[13] The Detention Center cleared Mr.

Savage of wrongdoing in the fight with Jay after a misconduct hearing.[14] Detention Center personnel then returned Mr. Savage to the general prison population.[15]

Mr. Savage sued Commissioner Carney, Deputy Warden Lacombe, and Corizon on October 19, 2021.[16] Commissioner Carney and Deputy Warden Lacombe moved to dismiss Mr. Savage's complaint before we could screen the complaint under Congress's mandate.[17] We construed Mr. Savage's pro se complaint as attempting to state two Eighth Amendment claims against Commissioner Carney and Deputy Warden Lacombe in their official capacity: (1) failing to protect him in the Detention Center resulting in injury; and (2) depriving him of adequate medical care.

We dismissed claims against Commissioner Carney and Deputy Warden Lacombe in their official capacities.[18] And we found he failed to allege their personal involvement in the alleged Eighth Amendment violations. But we granted Mr. Savage leave to amend his complaint to plead claims against the City for a violative policy or procedure, Commissioner Carney's and Deputy Warden Lacombe's personal involvement in the alleged civil rights violations, or against others for alleged failure to protect him and denial of medical care, including against medical providers.

Mr. Savage filed his amended Complaint (after an extension of time) against Commissioner Blanche Carney, Deputy Warden Pierre Lacombe, Corizon, and added Lt. Simmons, Corrections Officer Searcy, and Bruce Herdman. Consistent with our screening obligations mandated by Congress in 28 U.S.C. § 1915A, we will dismiss Mr. Savage's amended complaint with leave to amend.

**II.     Analysis**

Congress requires us to screen Mr. Savage's amended Complaint under 28 U.S.C. § 1915A even where he paid the filing fee.[19] Section 1915A requires we "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."[20] On review, we must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted."[21]

We apply the same standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) to determine whether a complaint fails to state a claim under section 1915A(b)(1).[22] A complaint containing "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" meets the Rule 12(b)(6) standard.[23] We are directed by our Court of Appeals to be "mindful of our 'obligation to liberally construe a *pro se* litigant's pleadings'… particularly where the *pro se* litigant is imprisoned."[24] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[25] However "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules – they must abide by the same rules that apply to all other litigants."[26]

We construe Mr. Savage's amended complaint as attempting to allege a civil rights claim arising from a (1) failure to protect him in the Detention Center resulting in injury; and (2) deprivation of adequate medical care against Commissioner Blanche Carney, Deputy Warden Pierre Lacombe, Corizon, Lt. Simmons, Corrections Officer Searcy, and Bruce Herdman in violation of the Eighth Amendment. Mr. Savage seeks to hold each Defendant liable in their official and individual capacities.

4

As we explained in our April 19, 2022 memorandum granting Commissioner Carney and Deputy Warden Lacombe's motion to dismiss, Congress through section 1983 provides the vehicle by which federal constitutional claims may be brought in federal court.[27] To state a claim under section 1983, Mr. Savage must allege a named person personally violated a right secured by the Constitution or laws of the United States or implemented a policy or custom to do so.[28]

### A.   We dismiss Eighth Amendment claims against the individual Defendants in their official capacities and Corizon.

We explained in our earlier memorandum claims against Commissioner Carney and Deputy Warden Lacombe in their official capacities are treated as claims against the City of Philadelphia. Claims against the City may proceed under a theory of liability recognized in *Monell v. Department of Social Services*.[29] Under *Monell*, a municipality, like the City of Philadelphia, is not liable for the unconstitutional actions of its employees simply because of their employment.[30] But the City may be liable if Mr. Savage shows the City's "policy or custom" caused the violation of his constitutional rights.[31] We explained there are two ways Mr. Savage may seek to hold the City liable on a municipal liability claim under section 1983: (1) an unconstitutional policy or custom of the City led to his injuries; or (2) his injuries were caused by a failure or inadequacy by the City "reflect[ing] a deliberate or conscious choice."[32]

Mr. Savage failed to sue the City or allege a policy or custom or a failure to train or supervise its employees. Absent such allegations, he fails to state a claim against Defendants Commissioner Carney, Deputy Warden Lacombe, Lt. Simmons, Corrections Officer Searcy, or Mr. Herdman in their official capacities.

Mr. Savage also sued Corizon. Corizon may be considered a state actor for purposes of liability under *Monell* under its contract with the City to provide medical services to prison inmates.[33] Like the pleading requirements to hold the City liable, Mr. Savage must allege (1) an

5

unconstitutional policy or custom of Corizon led to his injuries; or (2) Corizon's failure to train or supervise its employees amounting to a deliberate indifference led to his injuries.

Mr. Savage now fails twice to allege facts supporting a *Monell* claim against Corizon. He alleges the "Warden" – who we construe as Commissioner Carney – and Deputy Warden Lacombe and "Medical personnel" were deliberately indifferent to his medical needs "concerning the surgery that the surgeon at Temple University had determined [Mr. Savage] required within 24-48 hours, which never happened."[34] This conclusion does not allege an unconstitutional policy or custom or failure to train or supervise amounting to deliberate indifference. Mr. Savage must plead Corizon caused his injury through the implementation of a policy, practice, or custom under *Monell*. He failed to do so.

We dismiss the claims against the individual Defendants in their official capacity and dismiss the claim against Corizon for failing to allege a policy, practice, or custom leading to his Eighth Amendment denial of medical care claim. We allow Mr. Savage leave to file a second amended complaint against the City and/or Corizon if he can do so in good faith.

### B.   We dismiss Mr. Savage's Eighth Amendment failure to protect claim against Defendants in their individual capacities.

Mr. Savage sues Commissioner Carney, Deputy Warden Lacombe, Lt. Simmons, Corrections Officer Searcy, and Mr. Herdman in their individual capacities. As we explained in our earlier memorandum, Mr. Savage cannot base liability against these individuals based on a theory of *respondeat superior* liability.[35] The individual Defendants "must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."[36] "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."[37]

6

Allegations of personal involvement require "particular 'allegations of personal direction or of actual knowledge and acquiescence.'"[38]

Mr. Savage fails to allege facts showing the personal involvement of Commissioner Carney, Lt. Simmons, Corrections Officer Searcy, or Mr. Herdman on the Eighth Amendment failure-to-protect claim. The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of inmates."[39] To state an Eighth Amendment failure-to-protect claim against a prison official, Mr. Savage must allege: (1) incarceration under conditions posing a substantial risk of serious harm; (2) deliberate indifference by the prison official to the substantial risk of harm; and (3) the prison official's deliberate indifference caused the harm.[40] "A prison official is deliberately indifferent to a substantial risk of serious harm if the official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"[41]

Mr. Savage does not plead a fact allowing us to infer the personal involvement of Commissioner Carney, Lt. Simmons, or Mr. Herdman in the failure-to-protect claim. Mr. Savage alleges Corrections Officer Searcy "failed to protect" him and "[t]here was a lot of commotion before the fight commenced."[42] Mr. Savage alleges Corrections Officer Searcy instead "deployed mace" after Mr. Savage fractured his hand.[43] But this bare allegation does not meet the elements of a failure-to-protect claim; Mr. Savage must allege Corrections Officer Searcy's personal involvement in conditions posing a substantial risk of serious harm to Mr. Savage; deliberate indifference to the substantial risk of harm; and Officer Searcy's deliberate indifference caused Mr. Savage's harm. Mr. Savage fails to do so. We dismiss the failure-to-protect claim against Corrections Officer Searcy.

Mr. Savage alleges more with regard to Deputy Warden Lacombe. He alleges Deputy Warden Lacombe "though not present, is more responsible for the welfare and safety of inmates. He is responsible for the regular occurrence of violence that transpires on a daily basis. The lack of staffing to adequately oversee inmates safely [sic]."[44] He offers no facts beyond the conclusion Deputy Warden Lacombe is responsible for daily violence which is not plausible. Mr. Savage pleads Deputy Warden Lacombe is responsible for the safety of inmates and failed to adequately staff the Detention Center to address violence among inmates. Mr. Savage does not allege a fact allowing us to infer Deputy Warden Lacombe's deliberate indifference. Deliberate indifference to a substantial risk of harm requires an allegation Deputy Warden Lacombe knew of and disregarded an excessive risk to inmate health and safety. Mr. Savage does not allege Deputy Warden Lacombe knew facts from which we could draw an inference of a substantial risk of serious harm of violence existed on a general level— let alone involving Jay who allegedly attacked Mr. Savage—and Deputy Warden Lacombe also drew the inference of a substantial risk of serious harm; both are required to state an Eighth Amendment failure-to-protect claim.[45] Deputy Warden Lacombe and possibly others work to ensure safety but cannot be responsible for violence unless they are aware of some fact which would put them of notice to protect Mr. Savage, especially from Jay. We allow Mr. Savage leave to file a second amended complaint against the individual Defendants' failure-to-protect if he can do so in good faith consistent with this Memorandum.

  **C. We dismiss the Eighth Amendment denial of medical care claim against Defendants in their individual capacities.**

Mr. Savage sues the individual Defendants in their individual capacities for the denial of medical care with regard to the emergency surgery recommended by an orthopedic surgeon at Temple University Hospital. To state an Eighth Amendment denial of medical care claim against

8

a prison official, Mr. Savage must allege (1) the state actor showed "deliberate indifference" to his medical needs, and (2) those needs were "serious."[46]

Mr. Savage must allege personal involvement. He must allege the individual Defendants personally directed the denial of medical care or had actual knowledge and acquiesced in the denial of surgery. There must be allegations of personal direction or actual knowledge and acquiescence. He fails to do so. Mr. Savage instead alleges the "Warden" (again who we assume is Commissioner Carney because the Warden is not sued), Deputy Warden Lacombe and "Medical personnel" were deliberately indifferent to his needs regarding hand surgery. There are no allegations of personal direction by Commissioner Carney or Deputy Warden Lacombe to deny surgery or they actually knew and acquiesced to the denial of surgery. We have no idea who Mr. Savage means when he refers to "Medical personnel." And there are no allegations regarding Corrections Officer Searcy, Lt. Simmons, or Mr. Herdman in the denial of medical care. The only conduct attributed to Corrections Officer Searcy is his intervention in the fight between Mr. Savage and Jay and spraying mace.[47] The only conduct attributed to Lt. Simmons is the handcuffing of Mr. Savage and escorting him to the medical office.[48] There are no allegations regarding Mr. Herdman's conduct.

We dismiss Mr. Savage's amended Complaint absent allegations of personal involvement. We appreciate he is proceeding pro se and find there is no basis at this stage to request a volunteer lawyer until we proceed beyond the pleadings. Mr. Savage must plead facts of personal involvement in the failure to protect and the decision to not take Mr. Savage for the required surgery. Mr. Savage needs to plead who he believes, in good faith, knew of the risks and made these decisions. We will allow him leave to file a second amended complaint if he can do so.

### III.     Conclusion

We dismiss all official capacity claims against each of the Defendants because official capacity claims are treated as claims against the City of Philadelphia and Mr. Savage fails to sue the City of Philadelphia. We dismiss a municipal liability claim against Corizon for failing to allege a policy, practice, or custom causing Mr. Savage's injury. We dismiss the failure-to-protect claim against Commissioner Carney, Deputy Warden Lacombe, Lt. Simmons, Corrections Officer Searcy, and Bruce Herdman in their individual capacities for failing to allege their personal involvement. We dismiss the denial of medical care claim against Commissioner Carney, Deputy Warden Lacombe, Lt. Simmons, Corrections Officer Searcy, and Bruce Herdman in their individual capacities for failing to allege their personal involvement in the alleged constitutional deprivation. We will allow Mr. Savage to amend his complaint if he can do so consistent with this Memorandum and in good faith.

---

[1] ECF Doc. No. 25 at 2.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.* at 2–3.

[9] *Id.* at 3.

[10] *Id.*

[11] *Id.*

---

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *See* ECF Doc. No. 2.

[17] Corizon did not receive service of the original complaint and, consequently, never responded to it. We assume Mr. Savage's reference to "Corizon" is to Corizon Health, a private entity contracting with the Philadelphia Department of Prisons to provide health services.

[18] ECF Doc. Nos. 19, 20.

[19] *Shane v. Fauver*, 213 F.3d 113, 116 n. 2 (3d Cir. 2000). Mr. Savage paid the filing fee on January 24, 2022.

[20] 28 U.S.C. § 1915A(a).

[21] 28 U.S.C. § 1915A(b)(1).

[22] *Turner v. District Att'y Phila. Cnty.*, No. 22-491, 2022 WL 1568395, at *3 (E.D. Pa. May 18, 2022) (citing *Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). ).

[24] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) and citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013) (italics in original)).

[25] *Yogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala*, 704 F.3d at 244). Under Rule 8(e), "[p]leadings must be construed so as to do justice." Fed. R. Civ. P 8(e). We are directed by our Court of Appeals this liberal standard is "even more pronounced" where, as here, a plaintiff files a complaint pro se, without assistance of counsel, to "protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) and citing *Higgs*, 655 F.3d at 339).

[26] *Yogt,* 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 245).

[27] *See* ECF Doc. No. 19. Section 1983 provides in part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of

Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress …" 42 U.S.C. § 1983.

[28] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[29] 436 U.S. 658 (1978).

[30] *Monell*, 436 U.S. at 691.

[31] *Johnson v. City of Phila.*, 975 F.3d 394, 403 (3d Cir. 2020) (quoting *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014)).

[32] *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) (citations omitted).

[33] *Dixon v. City of Phila.*, No. 20-6515, 2021 WL 3722276, *5–*6 and n.2 (E.D. Pa. Aug. 23, 2021).

[34] ECF Doc. No. 25 at 4, ¶ 3.

[35] *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (citing *Iqbal*, 556 U.S. at 676).

[36] *Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007)).

[37] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[38] *Dooley*, 957 F.3d at 374 (quoting *Rode*, 845 F.2d at 1207).

[39] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)); *Moore v. Mann*, 823 F. App'x 92, 95–96 (3d Cir. 2020).

[40] *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Bistrian v. Levi*, 696 F. 3d 352, 367 (3d Cir. 2012) *abrogated on other grounds*, *Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020)); *Moore*, 823 F. App'x at 95–96 (citing *Hamilton*, 117 F. 3d at 747).

[41] *Moore*, 823 F. App'x at 96 (quoting *Farmer*, 511 U.S. at 834).

[42] ECF Doc. No. 25 at 4, ¶ 1.

[43] *Id.*

[44] *Id.* at 4, ¶ 2.

[45] *See Moore*, 823 F. App'x at 96 (quoting *Farmer*, 511 U.S. at 834).

---

[46] *Robertson v. Gilmore*, 850 F. App'x 833, 837 (3d Cir. 2021) (per curiam) (quoting *Pearson v. Prison Health Serv.,* 850 F.3d 526, 534 (3d Cir. 2017)).

[47] ECF Doc. No. 25 at 2, 4.

[48] *Id.* at 2.